UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

IN RE:

| | | |
|---|---|---|
| Regla De La Caridad Fernandez, | ) | |
| | ) | CASE NO. 6:18-bk-03644-KSJ |
| Debtor. | ) | CHAPTER 7 |
| _____/ | ) | |
| | ) | |
| Richard B. Webber II, Trustee, | ) | |
| | ) | |
| Plaintiff, | ) | ADV. NO. <u>6:18-ap-   .</u> |
| vs. | ) | |
| | ) | |
| Dustin R. Fredrickson, | ) | |
| | ) | |
| Defendant. | ) | |
| _____/ | ) | |

## ADVERSARY PROCEEDING COMPLAINT TO SELL REAL PROPERTY LOCATED AT 7865 MISTRAL DRIVE, ORLANDO, FL 32827 PURSUANT TO 11 U.S.C. §363(h)

Plaintiff, Richard B. Webber II, as Chapter 7 Trustee of the Bankruptcy Estate for the Debtor, Regla De La Caridad Fernandez, sues Defendant, Dustin Fredrickson, and says:

1.      On June 18, 2018 (the "Petition Date"), the Debtor, Regla De La Caridad Fernandez ("Debtor"), filed a voluntary petition for Chapter 7 Bankruptcy.

2.      On June 18, 2018, the Court appointed the Plaintiff, Richard B. Webber II ("Trustee"), to act as Chapter 7 Trustee of the Debtor's Bankruptcy Estate, and in so acting has authority to, and does, bring this Action.

3.      Debtor's Chapter 7 case is pending in the United States Bankruptcy Court in the Middle District of Florida, Orlando Division, Case 6:18-bk-03644-KSJ.

4.      This proceeding is a "core proceeding" pursuant to 11 U.S.C. § 157(b)(2)(A), (N), and (O).

5.      This Court has jurisdiction pursuant to 28 U.S.C. § 1334 and 28 U.S.C. § 157(b)(2).

6.      To the extent that this Action, or any portion thereof, is not a core proceeding, Plaintiff consents to the entry of final orders or judgments by the presiding Bankruptcy Judge.

7.      On or about November 18, 2015, Debtor filed a Petition for Dissolution of Marriage against her spouse, Dustin Fredrickson ("Defendant"), in the Circuit Court of the Ninth Judicial Circuit, in and for Orange County, Florida, in Case Number 2015-DR-018331-O, styled *Relga Fredrickson v. Dustin Fredrickson* (the "Divorce Proceeding").

8.      On or about November 22, 2017, Debtor and Defendant entered into a Marital Settlement Agreement as part of the Divorce Proceeding.  A true and correct copy of the Marital Settlement Agreement is attached hereto as Exhibit "A" and incorporated by reference herein.

9.      On or about March 8, 2018, the presiding Judge in the Divorce Proceeding entered a Final Judgment of Dissolution of Marriage, pursuant to which Debtor and Defendant were formally divorced.  A true and correct copy of the Final Judgment of Dissolution of Marriage is attached hereto as Exhibit "B" and incorporated by reference herein.

10.     Debtor and Defendant own as joint tenants with rights of survivorship the following real property:

> Lot 184, Laureate Park Phase 1B, according to the map or plat thereof, as recorded in Plat Book 76, Page(s) 145 through 152, inclusive, of the Public Records of Orange County, Florida.  Parcel ID# 25-24-30-4945-01-840
>
> More commonly known as: 7865 Mistral Drive, Orlando, FL 32827-7469

(hereinafter the "Property").  A true and correct copy of the Warranty Deed that vests title to the Property with Debtor and Defendant is attached hereto as Exhibit "C" and incorporated by reference herein.

11.    Debtor and Defendant each own a fifty-percent (50%) interest in the Property.

12.    Paragraph 8(b) of the Marital Settlement Agreement confirms that Debtor and Defendant shall list the Property for sale.

13.    Paragraphs 8(g) through 8(i) of the Marital Settlement Agreement confirm how the Debtor and Defendant shall divide the proceeds from the sale of the Property.

14.    Partition in kind of the Property among the Debtor's Bankruptcy Estate and Defendant is impracticable, because the Property is a residential house.

15.    Sale of the Bankruptcy Estate's undivided interest in the Property would realize significantly less for the Bankruptcy Estate than sale of the Property free of the interests of Defendant.

16.    The benefit to the Bankruptcy Estate of a sale of the Property free of the interests of Defendant outweighs the detriment, if any, to Defendant.

17.    The Property is not used in the production, transmission, or distribution, for sale, of electric energy or of natural or synthetic gas for heart, light, or power.

18.    In the Debtor's Bankruptcy Schedules, the Debtor valued the Property at $505,000, subject to a mortgage in favor of Chase Corporation ("Secured Creditor") in the amount of $299,797 as of the Petition Date.

19.    Trustee will administer Debtor's 50% interest in the Property for the benefit of Debtor's Estate, and Defendant shall receive his 50% in the Property pursuant to the terms of the Marital Settlement Agreement.

20.     Pursuant to 11 U.S.C. §363(h), Trustee requires an Order of this Court allowing Trustee to sell the Property and pay Secured Creditor the balance due on the Secured Creditor's mortgage from the proceeds of the sale.

WHEREFORE, Plaintiff/Chapter 7 Trustee, Richard B. Webber II, prays that this honorable Court will enter a Final Judgment in his favor pursuant to 11 U.S.C. §363(h) that allows and authorizes the Trustee to sell the Property, to pay the Secured Creditor in full, to retain the Bankruptcy Estate's portion of the proceeds from the sale of the Property, and to deliver Defendant his portion of the proceeds from the sale of the Property, less the costs of this litigation, and for such further relief as is just and proper under the circumstances of this Adversary Proceeding.

DATED:  July 10, 2018

                         /s/ Richard B Webber II
                         Richard B Webber II, Trustee
                         PO Box 3000
                         Orlando, FL 32802-3000
                         Phone: (407)563-4328
                         E-mail: rwebber@zkslawfirm.com

**EXHIBIT "A"**

IN THE CIRCUIT COURT OF THE NINTH JUDICIAL CIRCUIT
IN AND FOR ORANGE COUNTY, FLORIDA

IN RE:  THE MARRIAGE OF:

REGLA FREDRICKSON,

       Petitioner/Wife,                              CASE NO.: 2015-DR-018331-O

and

DUSTIN FREDRICKSON,

       Respondent/Husband.

_____/

### MARITAL SETTLEMENT AGREEMENT

THIS AGREEMENT, made this _22_ day of November, 2017, between REGLA

FREDRICKSON, (hereinafter referred to as "Wife"), and DUSTIN FREDRICKSON, (hereinafter

referred to as "Husband").

### WITNESSETH

WHEREAS, the Parties are now Husband and Wife, and;

WHEREAS, the parties have one minor child, H. F., born February 1, 2011, and;

WHEREAS, the parties were married to each other on September 9, 2009, and;

WHEREAS, unhappy matrimonial differences have arisen between Husband and Wife,

and;

WHEREAS, Husband and Wife have given much thought and careful consideration to a

settlement of these differences and have determined that they are irreconcilable, and;

NOW, THEREFORE, in consideration of the premises and of the mutual covenants,

promises, releases, agreements and undertakings herein contained, and for other good and valuable

considerations, the parties agree as follows:

Wife's Initials

Husband's Initials

1. SEPARATION

   a. The parties shall each live separate and apart, being free of any and all marital responsibilities and duties to the other as if the parties were single and unmarried. Neither party shall hereafter annoy, harass or interfere with the life, business or personal affairs of the other. Each party may reside at the place or places he or she may select.

2. RELEASE

   a. Except as otherwise provided in this agreement each party waives, releases and relinquishes all rights that he or she may have, or hereinafter acquire, as the other party's spouse under the present or future laws of any jurisdiction.

      i. To elect to take against any will or codicil of the other party now or hereafter in force.

      ii. To share in the other party's estate.

      iii. To act as executor, administrator, or personal representative of the other party's estate.

3. REPRESENTATIONS

   a. The parties represent to each that:

      i. Wife is represented by attorney Kevin C. Allen Nash, Esq., or the Mount Nash Law Group.

      ii. Husband is represented by attorney Raymond A. Traendly, Esq., or the Kramer Law Firm.

      iii. Each party fully understands the terms of this agreement and freely and voluntarily signs the agreement.

Wife's Initials

Husband's Initials

iv. Both parties have had an opportunity to review this Agreement in depth and have had the benefit of consulting with competent legal counsel.

v. This agreement is the result of negotiations between the parties and should not be construed against any party because that party or that party's attorney drafted the stipulation.

vi. This stipulation can be executed in counterparts and time is of the essence.

vii. Each party has made a full disclosure to the other of his or her assets and current financial condition.

viii. Each party understands and agrees that this agreement constitutes the entire agreement between the parties and supersedes any prior understandings or agreements made by them on the subjects covered by this agreement.

ix. The provisions of this agreement will not be modified except by written consent of the parties.

4. GENERAL PROVISIONS

   a. The parties agree that:

      i. This agreement, if acceptable to the Court, shall be incorporated by reference in any final judgment that may be rendered in any dissolution of marriage action that may be instituted. Notwithstanding incorporation in the judgment, this agreement will not be merged in the judgment, but shall survive the judgment and be binding on the parties for all time.

Wife's Initials

Husband's Initials

     ii. The laws of Florida shall govern the validity, construction, interpretation and effect of this agreement.

    iii. A modification or waiver of any of the provisions of this agreement shall be effective only if made in writing and executed with the same formality of this agreement.

    iv. The failure of either party to insist upon strict performance of any provisions of this agreement shall not be construed as a waiver of any subsequent default of the same similar nature.

    v. Each of the parties shall, at any time and from time to time hereafter, take any and all steps and execute, acknowledge and deliver to the other party any and all further instruments that the other party may reasonably require for the purpose of giving full force and effect to the provisions of this agreement.

5. <u>CHILD SUPPORT</u>

   a. The parties agree that child support will be determined in accordance with Fla. Stat. 61.30 (2017);

   b. Commencing as of the execution of this Agreement and continuing thereafter, the parties agree that based on the timesharing schedule, income of the parties and other obligations to support the minor child as set forth below;

   c. Beginning on December 1, 2017, Husband shall pay $433.00 per month in accordance with his pay schedule, to Wife for the parties' minor child until the minor child reaches age 18; or if married, or until graduation from high school if the child is still so enrolled in a full-time curriculum and has a reasonable

Wife's Initials

Husband's Initials

expectation of graduating by the age of nineteen (19) years, whichever shall first occur;

d. This amount shall be paid directly to Wife, until the Income Withholding Order can be entered. Following implementation of the Income Withholding Order.

e. There are no child support arrears.

6. ALIMONY

a. Husband shall pay to Wife, Lump Sum Alimony in the amount of $25,000.00 to be paid as a lump sum to Wife upon sale of the marital home and out of the marital home proceeds.

b. The payment for the lump sum alimony shall be paid directly to the Wife.

7. LIFE INSURANCE

a. Both parties shall obtain a life insurance policy for $100,000.00 within 30 days of the final judgment. This life insurance policy shall remain in full force and effect with the other party as the beneficiary until the minor children turn 18 or graduates from high school, whichever occurs last. The parties shall each provide the other with a copy of their life insurance policy.

8. MARITAL HOME:

a. The parties own real property located at 7865 Mistral Drive, Orlando, Florida 32827. More particularly described as:

Lot 184, Laureate Park Phase 1B, according to the map or plat thereof, as recorded in Plat Book 76, Page(s) 145 through 152, inclusive, of the Public Records of Orange County, Florida

Wife's Initials

Husband's Initials

(hereinafter, the "Marital Home").

b.  The parties acknowledge and agree that the Marital Home shall be listed for sale at the fair market value and that there is a mortgage secured by the Marital Home with an approximate balance of $283,100.16;

c.  Wife is in the process of obtaining an appraisal of the home. Wife will provide the name of the appraiser to Husband. If appraiser is agreed upon, then Husband shall pay for half of the appraisal. If Husband is not agreeable with the appraisal provided by the Wife, the Husband shall obtain a separate appraisal. If Husband elects to get an appraisal (at his cost), Wife shall allow appraiser access to the Marital Home conduct the appraisal.

d.  The parties agree that the Marital Home shall be immediately listed for sale.

e.  Realtor: Wife shall be the realtor and if Wife sells the marital property, Wife shall be entitled to a standard commission (3%) for her work as the seller's agent.. If the property does not sell within ninety (90) days from the date of this agreement, the parties agree to select a licensed real estate agent with Southerby Premier Realtor, or if the parties are unable to agree, the parties shall use a realtor to be selected by the attorneys.

f.  If the parties choose to sell the Marital Home with a different real estate agency, each party must be agreeable to the agency.

g.  Upon the sale of the marital home, the parties shall divide the sale proceeds as follows:

    i.  The parties shall pay off the mortgage with an approximate balance of $283,100.16;

Page 6 of 15
Regla Fredrickson v. Dustin Fredrickson
Case No.: 2015-DR-018331-O
Marital Settlement Agreement

Wife's Initials

Husband's Initials

ii. Any monies owed to the mortgage company (at this time, approximately $14,000.00) will be paid for out of the sale of the marital home. If, after the entry of this Agreement, Husband borrows money or otherwise obtains funds and pays the mortgage arrearage to keep the marital home out of foreclosure, then Husband shall be entitled to reimbursement for those monies for funds expended to pay the mortgage.

iii. The parties will pay off the following credit cards: JPMorgan Chase credit card ending (0882), Discover credit card ending (8458), and Discover credit card ending (0345);

iv. The parties will pay off any outstanding debt owed to the IRS, the State of New York, and any other entity for outstanding taxes;

v. The parties will also pay off the marital debt for the following credit cards: TJ- Max credit card ending (5282) and Lord and Taylor credit card ending (4302). Wife shall provide Husband with the verification of the marital debt amount within thirty (30) days from the entry of this Agreement.

h. Wife shall be entitled to an additional $25,000.00 for lump-sum alimony from the sale proceeds, as set forth above.

i. The parties shall equally divide the remainder of the net sale proceeds equally.

j. Any home inspections and closing costs and any and all expenses associated with the sale of the Marital Home will be split between the parties.

Wife's Initials

Husband's Initials

k.  Until such time that the Marital Home is sold, the Wife shall pay all mortgage payments, utilities, HOA fees, OUC bills and fees, and costs related to the Marital Home.

9.  DISTRIBUTION OF ASSETS

    a.  Bank Accounts:

        i.  The Wife shall receive as her own and Husband shall have no further rights or responsibilities regarding these bank accounts:

            (1) Any checking or savings accounts in the Wife's name only.

            (2) The Wife shall have sole possession of any and all other bank accounts held in her own name solely. Wife shall be entitled to retain these accounts free from any claim by the Husband whatsoever. The Husband hereby waives any claims he may have to the marital portion of these accounts.

        ii.  The Husband shall receive as his own and Wife shall have no further rights or responsibilities regarding these bank accounts:

            (1) Husband's CFE Federal Credit Union checking account ending in x496, held in his own name solely. The Wife hereby waives any claim she may have to the marital portion of the account;

            (2) Husband's JPMorgan Chase checking account ending in 0712, held in his own name solely. The Husband shall

Wife's Initials                                                    Husband's Initials

be entitled to retain this account free from any claim by the Wife whatsoever. The Wife hereby waives any claim she may have to the marital portion of the account;

iii.    The Husband shall have sole possession of any and all other bank accounts held in his own name solely. Husband shall be entitled to retain these accounts free from any claim by the Wife whatsoever. The Wife hereby waives any claims she may have to these accounts.

b.    Pension/Retirement/Brokerage Accounts:

i. The Husband makes the following representations that are subject to verification (ie.- the parties will verify the amounts claimed by providing proof to the other party within thirty (30) days):

a.    The marital portion of the Carpenter Annuity and Retirement Accounts totaling $861.75. Subject to verification, Wife waives her interest in said accounts.

b.    The Prudential Account was cashed out and used to pay the mortgage and household expenses. Subject to verification, Wife waives her interest in said account.

c.    The American Funds account no longer exists. Subject to verification, Wife waives her interest in said account.

d.    The Ameritrade Account totals $848.00 approximately. Subject to verification, Wife waives her interest in said account.

e.    The Wife is entitled to half of the marital portion of the David

Wife's Initials                                    Husband's Initials

Weekley account. Subject to verification, Husband represents that the marital portion of the David Weekley Account is $12,509.45. Subject to verification, Wife is entitled to $6,254.73. Wife will pay for a QDRO to transfer the monies.

c. Vehicles:

i. The Wife shall have sole possession, use and ownership of the 2005 Honda Civic in her possession and titled in her name. The parties agree that the current fair market value of the vehicle is approximately $4,600.00. The Wife shall be responsible for all repairs, maintenance, liens, taxes and all other liabilities associated with the use and ownership of the vehicle. The Wife shall indemnify and hold Husband harmless from any and all liability related thereto. Husband agrees to sign any and all documents required to allow Wife to transfer ownership to Wife;

ii. The Husband shall have sole possession, use and ownership of the 2004 Jeep Grand Cherokee Laredo in his possession and titled in his name. The parties agree that the current fair market value of the vehicle is approximately $2,616.00. The Husband shall be responsible for all repairs, maintenance, liens, taxes and all other liabilities associated with the use and ownership of the vehicle. The Husband shall indemnify and hold the Wife harmless from any and all liability related thereto. Wife agrees to sign any and all documents required to allow Husband to transfer ownership to Husband;

Wife's Initials

Husband's Initials

d. Personal Property:

    i. The parties represent and acknowledge that all items of personal property owned by the parties prior to the marriage or acquired during the marriage have already been separated. Each party shall be entitled to keep any item of personal property in his/her possession at the time of executing this Agreement, free and clear from any claim by the other party whether known or not and whether disclosed or not;

10. DIVISION OF DEBTS AND LIABILITIES

a. The parties shall divide the parties' debts and liabilities as follows, subject to the provisions set forth above:

    i. Except as provided above (paragraph 8 of this Agreement), the parties shall each be responsible for any debts associated in their name alone;

    ii. Wife represents that she has paid Husband the mediation cancellation fees to Husband. Subject to verification, as defined above, Wife will provide proof that she has paid Husband the mediation cancellation fees.

    iii. Wife and Husband understand and agree that they shall not, from the date of separation incur any debts or obligations for either of them for which the other shall be in any manner liable except as provided herein, and each agrees to hold the other harmless from any such debts or obligations and to indemnify the other for any debt, cost or expense which the other might in the future incur;

    iv. The Wife shall be solely responsible for any and all obligations, student

Wife's Initials

Husband's Initials

loans, personal loans, and credit cards on her individual name;

v.  The Husband shall be solely responsible for any and all obligations, student loans, personal loans, and credit cards on his individual name;

vi.  Each agrees to indemnify and hold harmless the other from any such debts or obligations. Neither party shall open or maintain any debt accounts in the other party's name;

vii.  The parties, by execution of this Agreement, affirmatively state that they have made complete and thorough financial disclosure to one another. All debts not listed herein are separate debts and there are no other joint marital debts except those listed herein as of the date of the execution of this Agreement, nor have any been incurred with the expectation that they will be billed jointly in the future except as listed below.

11. ATTORNEY'S FEES/COSTS: Each party shall be solely responsible for the payment of his or her own attorney's fees and costs as a result of the dissolution of marriage. Each party agrees to pay his or her own attorney's fees and Court costs in full prior to the distribution of the net sales proceeds from their respective share of the sale of the martial home.

12. ENFORCEMENT: It is recognized that certain provisions of this Agreement are solely related to property settlement and, therefore, are not enforceable through the contempt powers of the Court. As to those provisions which are solely property settlement, the parties agree that they shall be enforceable under the laws of the State of Florida. The parties further agree that the prevailing party for all contempt or enforcement

Wife's Initials

Husband's Initials

proceedings shall receive from the non-prevailing party all of the reasonable attorney's fees and court costs including those incurred in mediation, arbitration and/or through litigation.  These attorney's fees and court costs shall be in addition to any other damages that said prevailing party shall be entitled to recover as a result of either party failing to comply with the provisions of this Agreement.

13. BINDING EFFECT: Except as otherwise stated herein, all the provisions of this Agreement shall be binding on and inure to the benefit of the respective heirs, next of kin, executors and administrators of the parties.

14. ACCEPTANCE: Each party acknowledges that the provisions of this Agreement for their support and maintenance are fair, adequate and satisfactory to them, and in keeping with their accustomed standard of living and their reasonable requirements. Each party accepts these provisions in full and final settlement and satisfaction of all claims and demands for alimony or for any other provision for support and maintenance, and fully discharges their spouse from all such claims and demands except as provided in this Agreement.

15. AMENDMENT AND ENFORCEMENT OF AGREEMENT: This Agreement may be amended only by a written agreement signed by both parties hereto. Failure of either party to insist upon strict performance of any of the provisions of this Agreement shall not be deemed a waiver of the right to insist upon performance of such provisions or any other provisions of this Agreement at any time whatsoever. The parties agree that if the terms of this Agreement are not complied with, the non-complying party will be liable for and pay the reasonable attorney's fees and costs incurred by the party seeking to enforce the terms of this Agreement.

Wife's Initials

Husband's Initials

16. <u>DISSOLUTION ACTION</u>: That in any action instituted in any court by either of the parties for the dissolution of their marriage, it is the desire of both parties hereto that this Agreement and the provisions hereof be ratified, confirmed and incorporated by the Court in any decree that may be entered therein, and the parties, each of them, or either of them, will present this Agreement to the Court and request the same to be ratified, confirmed, incorporated, approved and made an enforceable part of any decree or order therein entered, and that neither of the parties hereto will in any way oppose ratification, confirmation, and enforcement of this Agreement and the provisions hereof by the Court in any such proceedings; but in any event, this Agreement shall survive the same and shall be forever binding and conclusive on the parties.

17. <u>POSSIBLE INVALIDITY</u>: In case any provision or provisions of this Agreement should be held to be contrary to, or invalid under, the laws or any country, state or other jurisdiction, such illegality or invalidity shall not affect any other provisions, all of which shall continue, nevertheless, to remain in full force and effect. The provision or provisions which are held to be illegal or invalid in any country, state or other jurisdiction shall, nevertheless, remain in full force and effect in any county, state or jurisdiction in which they are legal and valid.

18. <u>CONSTRUCTION OF AGREEMENT AND INTERPRETATION - AMBIGUITIES OR DOUBTFUL LANGUAGE</u>: No provision of this Agreement shall be interpreted for or against either party because that party or that party's attorney drafted such provision.

19. <u>ANY EXECUTED COPY OF THIS AGREEMENT WILL BE DEEMED ORIGINAL</u>: Any true fully executed copy of this Agreement, including any fully

Wife's Initials

Husband's Initials

executed facsimile or electronic copy hereof, will be deemed to constitute an original

of the same. This Agreement may be executed in counterparts.

20. <u>MERGER CLAUSE</u>: Each party understands and agrees that this agreement

constitutes the entire agreement between the parties and supersedes any prior

understandings or agreements made by them on the subjects covered by this agreement.

21. <u>GOVERNING LAW</u>: This contract is governed by the laws of the State of Florida.

Venue will be in Orange County, Florida.

IN WITNESS WHEREOF, the parties have read carefully, themselves, each and every paragraph
of this Agreement as herein set forth and have signed this Marital Settlement Agreement this day
and year first written above.

**I certify that I have been open and honest in entering into this settlement agreement.
I am satisfied with this agreement and intend to be bound by it.**

Dated: _11/22/2017_

REGLA FREDRICKSON

**I certify that I have been open and honest in entering into this settlement agreement.
I am satisfied with this agreement and intend to be bound by it.**

Dated: _11/22/2017_

DUSTIN FREDRICKSON

Wife's Initials

Husband's Initials

3/8/2018 FILED IN OPEN COURT, OFFICE OF TIFFANY M. RUSSELL, ORANGE COUNTY, FL CLERK OF THE CIRCUIT AND COUNTY COURTS



## IN THE CIRCUIT COURT OF THE NINTH JUDICIAL CIRCUIT
## IN AND FOR ORANGE COUNTY, FLORIDA

IN RE: THE MARRIAGE OF:

REGLA FREDRICKSON,

        Petitioner/Wife,

CASE NO.: 2015-DR-018331-O

and

DUSTIN FREDRICKSON,

        Respondent/Husband.

_____/

## FINAL JUDGMENT OF DISSOLUTION OF MARRIAGE

    **THIS CAUSE** came to be heard by this Court on this ___ day of _____, 2018 upon the

Wife's Petition for Dissolution of Marriage with Dependent or Minor Children filed on November 18, 2015,

and this Court, having reviewed the Court file, and being otherwise fully advised in the premises, the Court

finds as follows:

    A.   This Court has jurisdiction of the parties hereto and the subject matter herein.

    B.   The parties have been residents of the State of Florida for more than six (6) months

        immediately before filing the Petition for Dissolution of Marriage.

    C.   The Court finds that the parties were married on September 9, 2009, and that the marriage

        between the parties is irretrievably broken.

    D.   The parties have one (1) minor children in common:

| NAME | DOB |
|------|-----|
| 1. Havana Fredrickson | February 1, 2011 |

        2.   No other children are expected, and the Wife is not pregnant.

    E.   The parties entered, freely and voluntarily, into a Marital Settlement Agreement and

        Parenting Plan signed by both parties on November 22nd, 2017 and filed with the Court on

        November 28, 2017. The Marital Settlement Agreement and Parenting Plan are made part

        of the Final Judgment as if fully set out herein and the parties are ordered to comply with

        its terms and conditions.

Page | 1

**IT IS THEREFORE, ORDERED and ADJUDGED:**

1. **Dissolution of Marriage:** The Court hereby dissolves this marriage and the parties are restored to the legal status of being single.

2. **Minor children:** The parties have one (1) minor child, to wit, Havana Fredrickson, Wife is not pregnant, and no adoption is contemplated by the parties.

3. **Marital Settlement Agreement:** The Marital Settlement Agreement signed by both parties on November 22, 2017, is hereby incorporated by reference as if set forth in full herein, and are hereby **ADOPTED and RATIFIED**, and the parties are ordered to abide by its terms. (Marital Settlement Agreement attached hereto as Exhibit "**1**")

4. **Parenting Plan:** The Parenting Plan signed by both parties on November 22, 2017, is hereby incorporated by reference as if set forth in full herein, and are hereby **ADOPTED and RATIFIED**, and the parties are ordered to abide by its terms. (Parenting Plan attached hereto as Exhibit "**2**") *with changes indicated in Court order entered 3/8/18.*

5. **Child Support:** The Father shall pay Mother Child Support in the amount of $433.00 per month *beginning April 1, 2018* in accordance with his pay schedule for the parties' minor child HF until the minor child reaches age 18; or if married, or until graduation from high school if the child is still enrolled in full-time curriculum and has a reasonable expectation of graduating by the age of nineteen (19) years, whichever shall first occur. This amount shall be paid directly to Wife, until the Income Withholding Order can be entered. There are no child support arrears. *Guideline at "3". IWO to be entered.*

6. **Alimony:** Husband shall pay to Wife, Lump Sum Alimony in the amount of $25,000.00 to be paid as a lump sum to Wife upon sale of the marital home and out of the marital home proceeds.

7. **Distribution of Assets:** The distribution of assets in the Marital Settlement Agreement signed by both parties on November 22, 2017, is made part of this Final Judgment as if fully set out herein and the parties are ordered to comply with its terms and conditions. (Marital Settlement Agreement is attached hereto as Exhibit "**1**").

Page | 2

8. **Reservation of Jurisdiction**:  This Court shall retain jurisdiction over the parties for the purpose of enforcing this Final Judgment and the aforementioned Marital Settlement Agreement and Parenting Plan.

9. **Attorney's Fees:**  Each party shall pay his or her own attorney's fees and costs associated with the Dissolution of Marriage prior to the distribution of the net sales proceeds from *except per order 3/8/18.* their respective share of the sale of the marital home.

*10. Former name is restored to wife of "Regla*

**DONE, ORDERED and ADJUDGED**, in Orlando, Orange County, Florida, this 8 day of *De La*

March, 2018.

*Caridad Fernandez.*

*DOB*

_____
Circuit Court Judge

*10/25*

*69.*

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was forwarded this _____ day of March 2018 to all parties on the attached mailing list.

### MAILING LIST

CASE NO.: 2015-DR-018331-O

Kevin C. Allen Nash, Esq.
Mount Nash Law Group
18 N. College Ave.
Eatonville, FL 32751
kevin@mountnashlaw.com
pleadings@mountnashlaw.com

Raymond A. Traendly, Esquire
Kramer Law Firm, P.A.
Attorneys & Counselors at Law
999 Douglas Avenue
Suite 3333
Altamonte Springs, FL 32714
Primary Service Email: skramerecf@gmail.com
Secondary Service Email: ecf@mykramerlawfirm.com
Correspond. Email: rtraendly@mykramerlawfirm.com

JUDICIAL ASSISTANT (ATTORNEY)

Page | 3

Regla Fredrickson v. Dustin Fredrickson
Case No.: 2015-DR-018331-O
Final Judgment of Dissolution of Marriage with Dependent or Minor Children

Prepared by and Return to: JOHN KINGMAN KEATING
*one of the Title Services Professionals* at:
TOWN SQUARE TITLE, LTD.
TELEPHONE: 407.422.2234
FACSIMILE: 407.843.8964
250 EAST COLONIAL DRIVE, SUITE 301
ORLANDO, FLORIDA 32801
E MAIL: tstc@townsquare1.com

**EXHIBIT "C"**

```
DOC# 20130292062 B: 10579 P: 5178
06/04/2013 03:07:48 PM  Page 1 of 2
Rec Fee: $18.50
Deed Doc Tax: $2,681.70
DOR Admin Fee: $0.00
Intangible Tax: $0.00
Mortgage Stamp: $0.00
Martha O. Haynie, Comptroller
Orange County, FL
EX - Ret To: TOWN SQUARE TITLE LTD
```

PARCEL IDENTIFICATION NUMBER(S): 25-24-30-4945-01-840
GRANTEE(S) EIN:
LN13015

RECORDING INFORMATION ABOVE THIS LINE

# WARRANTY DEED

    *THIS WARRANTY DEED* is made and executed this 22nd day of May 2013, by **Weekley Homes, LLC, a Delaware limited liability company, f/k/a Weekley Homes, L.P., a Delaware limited partnership** (the "Grantor") with a mailing address of 225 Westmonte Drive, Altamonte Springs, Florida 32714, to **Dustin R. Fredrickson and Regla Fredrickson, husband and wife** (collectively the "Grantee") with a mailing address of 7865 Mistral Drive, Orlando, Florida 32827.

*WITNESSETH*: That the Grantor for and in consideration of the sum of $10.00 and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, hereby grants, bargains, sells, aliens, remises, releases, conveys and confirms unto the Grantee, all that certain property situated in Orange County, Florida, viz:

    **Lot 184, Laureate Park Phase 1B, according to the map or plat thereof, as recorded in Plat Book 76, Page(s) 145 through 152, inclusive, of the Public Records of Orange County, Florida.**

    *TOGETHER* with all the tenements, hereditaments and appurtenances thereto belonging or in anywise appertaining.

    *TO HAVE AND TO HOLD*, the same in fee simple forever.

    *FURTHER*, the Grantor hereby covenants with said Grantee that the Grantor is lawfully seized of said real property in fee simple; that the Grantor has good right and lawful authority to sell and convey said real property; that the Grantor hereby fully warrants the title to said real property and will defend the same against the lawful claims of all persons whomsoever; and that said real property is free from all encumbrances; except taxes and assessments for the year 2013 and all subsequent years, and all conditions, restrictions, reservations, limitations, easements of record, if any, zoning and other governmental regulations and other matters of record, provided, however, this reference shall not serve to reimpose same.

*IN WITNESS WHEREOF*, the said Grantor has executed this Warranty Deed on the day and year first above written.

**WITNESSES:**

WITNESS SIGNATURE

Audrey M Robinson

WITNESS NAME PRINTED

WITNESS SIGNATURE

Lucy Yarbrough

WITNESS NAME PRINTED

**GRANTOR:**
**WEEKLEY HOMES, LLC, a Delaware limited liability company, f/k/a WEEKLEY HOMES, L.P., a Delaware limited partnership**

**By:** _____
**John Kingman Keating, as its Authorized Agent**

**STATE OF FLORIDA**
**COUNTY OF ORANGE**

    **I HEREBY CERTIFY**, as an officer duly authorized to take acknowledgments and oaths in the State and County aforesaid, that at the execution of this instrument on the date set forth below, John Kingman Keating personally appeared before me as an Authorized Agent of Weekley Homes, LLC, a Delaware limited liability company, f/k/a Weekley Homes, L.P., a Delaware limited partnership and executed or acknowledged his/her/their previous execution of this instrument. **I HEREBY FURTHER CERTIFY,** that John Kingman Keating, is/are the same person(s) either executing or acknowledging execution of the foregoing instrument because: ☒ personally know him/her/them OR ☐ I have satisfactory evidence of same based upon a ☐ Florida driver's license or ☐ Other identification: _____. **WITNESS** my hand and official seal in the State and County aforesaid this 22 day of May 2013.

_____
Notary Public Signature
(PLACE NOTARY NAME & SEAL IMMEDIATELY BELOW)



AUDREY M. ROBINSON
MY COMMISSION # EE 150003
EXPIRES: January 7, 2016
Bonded Thru Notary Public Underwriters